IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LAWRENCE ROBERT ZUGG,

      Petitioner,

      v.                                CASE NO. 25-3084-JWL

ROGER SOLDAN,
Sheriff of Saline County,

       Respondent.


**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

      This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner, a pretrial detainee at the Saline County Jail ("SCJ") in Salina, Kansas, proceeds pro se.  The Court has screened the Petition (Doc. 4) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed for the reasons explained below.

**I.  Allegations in the Petition**

      Petitioner alleges that he was stopped by the Salina Police Department on November 10, 2024, and arrested for driving on a suspended license.  (Doc. 4, at 9.)  He was frisked, and the officer found a meth pipe in Petitioner's pocket.  *Id.*  When Petitioner arrived at the police station, Detective Melby told him that drugs were found in his vehicle.  Melby said that if Petitioner agreed to work for the Drug Task Force, they would take him to the county jail, book him for driving on a suspended license, and release him.  *Id.* at 10.  This apparently occurred, and Petitioner was told to return to the police station on the following Monday with his attorney to work out the details and allow the task force to look at his phone.  *Id.*  Petitioner states that he did not return on Monday

because he was scared and could not afford an attorney.  Instead, he went to court on the following Wednesday and was told there were no charges filed against him.  *Id*.

However, on December 1, 2024, Petitioner was put on Salina's most wanted list, and he was arrested on December 10.  *Id*.  Attorney Joseph Allen was appointed to represent him. Petitioner told Allen about the agreement with Melby, and Allen said he would talk to Assistant District Attorney Couch.  *Id*.  At some point, Melby said they would lower Petitioner's bond if he agreed to work with the task force.  Petitioner agreed.  *Id*. at 11.  Petitioner had court the first week of January, and his bond was reduced to $2,000.  *Id*.  Petitioner was released two weeks later when he posted bond.  *Id*.

Upon his release, Petitioner reported to the Salina police station.  Melby told him to make contact as soon as he got a phone.  *Id*.  Petitioner was to check in with Melby once a day.  *Id*. Melby told him to go to a known drug location and wait for large amounts of drugs to be present, then to call Melby.  *Id*. at 12.  Petitioner did as instructed and arranged a controlled buy of five pounds of methamphetamines, but Melby told him to "hold off on that."  *Id*. at 11-12.  Melby directed Petitioner to go to a different location and call when large amounts of drugs were present. *Id*. at 12.  Petitioner again did as instructed, but when he left the location, he was arrested even though he explained that he needed to talk with Melby.  *Id*.

When Petitioner was taken to court, his attorney told him that Couch had showed him a text from Melby stating Petitioner was unreliable.  *Id*.  Melby came to the SCJ during the second week of March, 2025, and said that it turned out Petitioner had provided some reliable information. *Id*.  He told Petitioner that he was going to talk to ADA Couch, and Petitioner would get an OR bond.  *Id*.  At court on March 25, 2025, Petitioner was not given an OR bond.  *Id*. at 13.  Petitioner alleges that Allen, Couch, and the judge worked together to violate his civil rights.  *Id*.

According to online records, charges were brought against Petitioner in the District Court of Saline County, Kansas, on February 10, 2025, and the case remains pending. *See Kansas v. Zugg*, Case No. SA-2025-CR-000084 (District Court of Saline County, Kansas). Petitioner was charged with a series of drug and traffic offenses. *See id*. (2/10/25 Complaint/Information). In his state proceedings, Petitioner has filed a motion for bond reduction, which is pending, and two previous requests for bond modification have been denied. *See id.*

Petitioner also alleges that Officer Toney told other inmates at the SCJ that Petitioner was a confidential informant. (Doc. 4, at 6, 9.)

Petitioner includes four grounds for his Petition under § 2241. The first two grounds allege that Toney was deliberately indifferent, put Petitioner "in harms way", and imposed cruel and unusual punishment. (Doc. 4, at 6.) Ground Three complains that Officer Smith at the SCJ refused to give Petitioner a copy of his grievances in violation of his due process rights. *Id*. Ground Four claims that Petitioner's bond is excessive. *Id*. at 7.

Petitioner requests relief in the form of immediate release from custody or release on an OR bond, dismissal of all charges against him, an investigation into the conduct of ADA Couch and the state court judge, and restitution of his lost wages in the amount of $35,000. *Id*. at 7, 14.

## II. Discussion

### 1. Conditions of Confinement

To the extent Petitioner is asserting claims regarding his conditions of confinement by stating that an SCJ officer has put him in danger and by alleging irregularities with the grievance process at the SCJ, his claims are denied. Any challenges to his conditions of confinement must be brought pursuant to 42 U.S.C. § 1983. "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement,

must do so through an application for habeas corpus.  In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action."  *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir. 2012) (citation omitted).

Petitioner's conditions of confinement claims are subject to dismissal as not properly brought in a habeas action.  To the extent Petitioner seeks to raise any claims regarding the conditions at the SCJ, he must do so on a form for filing a complaint pursuant to 42 U.S.C. § 1983. The Court will direct the Clerk provide Petitioner with § 1983 forms and instructions.

### 2. Habeas Relief

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."  Habeas Corpus Rule 4.

Petitioner's fourth ground, excessive bond or bail, is properly brought in habeas proceedings.  *See Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished) (pretrial detainee's claim of excessive bail properly construed as a claim under § 2241).  However, the ground is subject to dismissal based on principles of abstention and because Petitioner has not exhausted his state court remedies.

### a. Abstention

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886).  In 1886, the United States Supreme Court described some very limited circumstances in

4

which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id.* at n.4 (citations and internal quotations omitted). However, a

petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted). The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id*.

Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ

of habeas corpus.  He does not allege that the state is detaining him for committing an act done in pursuance of federal law or under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial.

Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal case in the District Court of Saline County, Kansas.  The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.

Petitioner has failed to assert a basis for finding extraordinary or special circumstances. Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Saline County, Kansas.  Petitioner is therefore directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*.  The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

### b. Exhaustion

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights.  *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. 2016)

(unpublished) ("And insofar as Plaintiff seeks habeas relief under 28 U.S.C. § 2241 from his prosecution, he is barred for failure to first exhaust available state remedies.") (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief.")); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The burden of proving exhaustion rests with the prisoner. *Madden*, 671 F. App'x at 726 (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)).

The United States Supreme Court has long held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard v. Connor*, 404 U.S. 270, 275 (1971). This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the State must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

It appears that Petitioner has begun the process of exhausting his state court remedies. A review of online state court records reveals that Petitioner recently filed two habeas corpus petitions in the District Court of Saline County: *Zugg v. Finch, et al.*, Case SA-2025-CV-000153, filed on May 15, 2025, and *Zugg v. Saline County Sheriff's Office*, Case SA-2025-000117, filed on April 22, 2025. However, Petitioner has not completed the exhaustion process. Both cases remain pending. Therefore, the Petition is also subject to dismissal for failure to exhaust.

### III.  Motion to Appoint Counsel (Doc. 6)

Petitioner has filed a motion asking the Court to appoint counsel for him because he needs "all the help I can get."  (Doc. 6, at 1.)

Petitioner has no constitutional right to counsel in a federal habeas corpus action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Akers*, 807 F. App'x 861, 867 (10th Cir. 2020) (unpublished) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction.").  A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (citation omitted).

At this early stage in the proceedings, when it is yet unclear whether this matter will proceed, the Court concludes that it is not in the interest of justice to appoint counsel.  The motion to appoint counsel is denied.

### IV.  Conclusion

Petitioner should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved and he has exhausted available state court remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **June 23, 2025,** in which to show good cause why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 6) is **denied**.

The Clerk is directed to provide Petitioner with § 1983 forms and instructions.

**IT IS SO ORDERED**.

**Dated May 23, 2025, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**