**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LAWRENCE ROBERT ZUGG,**

**Petitioner,**

**v.** **CASE NO. 25-3084-JWL**

**ROGER SOLDAN,
Sheriff of Saline County,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Saline County Jail in Salina, Kansas, proceeds pro se. The Court granted Petitioner leave to proceed in forma pauperis. On May 23, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC") screening the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directing Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886), and for failure to exhaust his available state court remedies.

The Court's MOSC granted Petitioner until June 23, 2025, in which to respond, and provides that "failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner." (Doc. 10, at 7.) Petitioner has failed to respond by the deadline and has failed to show good cause why this matter should not be dismissed. Therefore, the Petition is dismissed without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. The Tenth Circuit has

held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

**Dated June 26, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**